```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
GEORGE M. BODZIONY, et al.,                                      :
                                                                 :
                                Plaintiffs,                      :
                                                                 :     20-cv-8016 (LJL)
                -v-                                              :
                                                                 :           ORDER
WOLFGANG'S STEAKHOUSE INC. et al,                                :
                                                                 :
                                Defendants.                      :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/19/2022

LEWIS J. LIMAN, United States District Judge:

The parties in this matter have reached a settlement in principle. *See* Dkt. No. 57. The case was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Under current Second Circuit law, any settlement—including any proposed attorney's fee award—must be scrutinized by the Court to ensure that it is fair. *See Fisher v. SD Protection Inc.*, 948 F.3d 593, 600 (2d. Cir. 2020); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

Accordingly, it is hereby ORDERED that, on or before **May 25, 2022**, the parties must submit to the Court a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic*, Inc., 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The letter should address any confidentiality provisions, non-disparagement provisions, or releases in the proposed settlement agreement. The letter should also address, if applicable, any attorney's fee award to plaintiffs' counsel (with documentation to support it, if appropriate) consistent with the principles set forth in *Fisher*, 948 F.3d at 600. It is not sufficient to state the proportion of the requested attorney's fee to the overall settlement amount. Rather, the reasonableness of attorney's fees must be evaluated with reference to "adequate documentation supporting the attorneys' fees and costs,"

2

which "should normally [include] contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*; *see Strauss v. Little Fish Corp.*, 2020 WL 4041511, at *9 (S.D.N.Y. July 17, 2020) (discussing the requirements for adequately justifying an attorney's fee).  Failure to provide the appropriate or sufficient documentation could result in the Court rejecting the proposed fee award.

The parties are directed to appear telephonically for a settlement approval hearing on **May 31, 2022 at 3:00 p.m.**  Plaintiffs shall appear at the hearing and, if necessary, with an interpreter.  The parties are directed to dial (888) 251-2909 and use the access code 2123101.

Any pending motions are DISMISSED as moot, and all other conferences and deadlines are CANCELLED.

SO ORDERED.

Dated: April 19, 2022  
New York, New York

_____  
LEWIS J. LIMAN  
United States District Judge